UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOEY JACKSON,

    Plaintiff,

v.

STATE OF NEW JERSEY DEPARTMENT
OF HUMAN SERVICES DIVISION OF
DEVELOPMENTAL DISABILITIES,

    Defendant.

Civil Action No. 17-118 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court on Defendant, State of New Jersey Department of Human Services, Division of Developmental Disabilities' ("Defendant" or "DDD") Motion to Dismiss. (ECF No. 177.) Plaintiff Joey Jackson ("Plaintiff") opposed (ECF No. 182) and Defendant replied (ECF No. 185). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion is granted, without prejudice, and Plaintiff is granted leave to amend.

**I.**     **Background**

This dispute stems from changes to Plaintiff's Medicaid benefits. (Am. Compl, ECF No. 163). Plaintiff initially filed a complaint *pro se*. (Compl., ECF No. 1.) The Court then appointed pro bono counsel (ECF No. 155), and counsel filed an amended complaint (ECF No. 163). The two-count complaint seeks damages and injunctive relief under: (1) 42 U.S.C. § 1983 ("Section 1983") for substantive and procedural due process violations; and (2) N.J.S.A. § 10:6-2(c) for New Jersey Civil Rights Act violations . Both counts are alleged against the DDD. (*See generally*, Am. Compl.)

## II.     Discussion

Plaintiff alleges that Defendant violated his due process rights by shifting from a contract-based system of service reimbursement to a fee-for-service reimbursement system without proper notice. (Am. Compl.) Plaintiff claims the change substantially impaired funding for his state-approved care and resulted in violations of his constitutional rights and the New Jersey Civil Rights Act. (*Id.*)

Defendant contends that the DDD is immune from Plaintiff's Section 1983 claim because it is a state agency and the Court cannot exercise supplemental jurisdiction over the state law claim. (Def.'s Moving Br. 3-5, ECF No. 177-1.) Defendant also argues that the *Ex Parte Young* exception to 1983 immunity is inapplicable because Plaintiff did not sue any state officials. (*Id.* at 6-7.) Plaintiff responds that he has a valid and enforceable Section 1983 claim for violations of the Medicaid Act (Pl.'s Opp'n Br. 6-10, ECF No. 182), the "crux of [P]laintiff's requested relief is for injunctive and related relief" (*id.* at 11), and the Court could treat the claim as one against the DDD even though Plaintiff did not name the Director or Assistant Director (*id.* at 12). In the alternative, Plaintiff requests an opportunity to amend the Complaint. (*Id.* at 13.)

Here, the Court finds good cause to allow Plaintiff an opportunity to amend the Complaint.[1] Accordingly, for the reasons set forth above and other good cause shown,

---

[1] The Court also notes that since briefing this motion, Plaintiff himself has filed at least twenty-eight supplemental submissions, including correspondence directed to the Court, unsolicited copies of medical records, and copies of Plaintiff's correspondence to his attorney. (*See* ECF Nos. 185-217.) The Court reminds Plaintiff that submissions to the Court should be provided through his attorney.

2

**IT IS** on this 6th day of August 2018, **ORDERED** that:

1. Defendant's Motion to Dismiss the First Amended Complaint (ECF No. 177) is granted, without prejudice.

2. Plaintiff may file a Second Amended Complaint by **September 14, 2018**.

                                                 *Michael A. Shipp*
                                                 **MICHAEL A. SHIPP**
                                                 **UNITED STATES DISTRICT JUDGE**